629 P.2d 140

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Hector Cedillo ALVAREZ, Defendant-Appellant.**

**No. 13653.**

Supreme Court of Idaho.

May 13, 1981.

Gleason D. Anderson, Burley, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BAKES, Chief Justice.

The defendant appeals from the denial of his motion to reduce sentence. On August 11, 1979, the defendant, while driving under the influence of alcohol, crossed the center line of the roadway and collided with a vehicle driven by Harvey Thornton, who died as a result of the collision. The defendant was charged with involuntary manslaughter, and he pleaded guilty.

A presentence investigation was conducted, and the report contained the following recommendation: "The court may wish to consider a period of incarceration in the Idaho State Correctional Institution as none of the other rehabilitative alternatives appear to be appropriate in this case." No other recommendations were made. A sentencing hearing was held on February 22, 1980, and the defendant was sentenced to an indeterminate term of five years in the state penitentiary. He now argues that the court abused its discretion in imposing that sentence based upon an inadequate presentence report and by not undertaking an investigation of alternative rehabilitation plans.

In *State v. Whitman*, 96 Idaho 489, 491, 531 P.2d 579, 581 (1975), we stated that "[i]f a trial court does order a presentence investigation, a positive plan of rehabilitation must be formulated and included in the report." However, subsequent to the *Whitman* decision, I.C.R. 37 (Supp.1979) became effective, and that rule, although it has since been amended and recodified, governs the outcome of the case at bar.[1] I.C.R. 37(b)(11) required that a presentence report contain a positive plan of rehabilitation, subject to the proviso that "[i]n appropriate cases, however, the presentence report may indicate that none of the available rehabilitation alternatives other than incarceration are appropriate for the individual defendant." As indicated, such a recommendation was made in the present case.

The defendant's prior record indicates that he is a habitual traffic offender. Under the circumstances of this case we cannot say that the recommendation was inappropriate. The trial court may order additional investigation as the case may warrant; however, such action is discretionary. *See State v. Yoelin*, 94 Idaho 791, 498 P.2d 1264 (1972). We find nothing in the present case to indicate that the court abused its discretion in sentencing the defendant to an indeterminate term of five years. The order of the district court is affirmed.

McFADDEN, BISTLINE, DONALDSON and SHEPARD, JJ., concur.

---

1. I.C.R. 37 was amended and recodified as I.C.R. 32, effective July 1, 1980.