732 P.2d 376

STATE of Idaho, Plaintiff-Respondent,

v.

Romeo PAZ, Defendant-Appellant.

No. 16444.

Court of Appeals of Idaho.

Feb. 2, 1987.

**408**

Dan T. Edwards (Suiter, Edwards & Gere), Eagle, for appellant.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., and Michael A. Henderson, Deputy Atty. Gen., Boise, for respondent.

PER CURIAM.

This is a sentence review case. Romeo Paz pled guilty to possession of marijuana with intent to deliver. On appeal, Paz argues that the district court violated his right of confrontation at the sentencing hearing. He also contends that his sentence is unduly harsh. We affirm the judgment imposing the sentence.

The facts may be stated briefly. As a result of a police undercover investigation, Paz and another individual were arrested for illegal drug activities. Paz was charged with two counts of possession of marijuana with intent to deliver and with one count of conspiracy to commit the same offense. While these charges were pending, Paz was charged with and convicted of a subsequent federal felony in Texas involving controlled substances.[1] The federal court sentenced him to four and one-half years in prison.

Paz subsequently was extradited to Idaho. After negotiating with the prosecutor, he pled guilty to one count of possession with intent to deliver. The other two counts were dismissed. The prosecutor agreed to recommend a sentence equal to, and concurrent with, the remaining term of the federal sentence—which by that time was forty-three months. He also agreed not to make any recommendation regarding the imposition of a fine. However, he reserved the right to recommend "restitution." The judge accepted Paz's plea but rejected the sentence recommendation in part. He imposed a sixty-month indeterminate sentence, a $5,000 fine, and $1,800 in "restitution" to the state for costs incurred in the undercover investigation.[2]

Paz first contends that the district judge deprived him of the right to confrontation by considering statements contained in a co-defendant's pre-sentence investigation. At the sentencing hearing, the judge stated that he had "reviewed, again [the codefendant's] pre-sentence investigation talking about his involvement and the fronting of drugs and the transportation by a person...." According to Paz, the court treated the co-defendant's statements as implicating Paz in a broader conspiracy to market marijuana. Because he was not able to cross-examine the co-defendant regarding these allegations, Paz claims that his right to confront witnesses was violated.

■ We begin our analysis by noting that the rules of evidence do not apply to sentencing proceedings and that the court has broad discretion in considering what evidence is admissible. *State v. Creech,* 105 Idaho 362, 670 P.2d 463 (1983), *cert. denied,* 465 U.S. 1051, 104 S.Ct. 1327, 79 L.Ed.2d 722 (1984). The Idaho Supreme Court has held that a sentencing judge may

---

1. The record in this case is sparse, and we cannot ascertain the precise federal offense for which Paz was convicted.

2. The state cites no statutory authority for ordering "restitution" in addition to a fine and prison sentence. The judge referred to the Crime Victims Compensation Act, I.C. §§ 72–1001 to 1026. It is unclear how the Act authorizes such an award to the state in the circumstances of this case. However, Paz did not challenge the award in the district court, except to assert that some of the costs actually should have been allocated to the co-defendant's case. Neither has he identified the award as an issue on appeal. We will not consider it *sua sponte.*

consider information showing commission of crimes for which the defendant has not been convicted. *See, e.g., State v. Kohoutek*, 101 Idaho 698, 619 P.2d 1151 (1980). Admission of hearsay evidence regarding such alleged criminal conduct does not violate a defendant's right to confront adverse witnesses. *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). Of course, the trial court should carefully consider the weight to which allegations of criminal conduct are entitled. Further, the defendant should be afforded a reasonable opportunity to examine any adverse evidence contained in written reports, *State v. Yoelin*, 94 Idaho 791, 498 P.2d 1264 (1972), and to explain or rebut it at sentencing. *Id. See also State v. Torres*, 107 Idaho 895, 693 P.2d 1097 (Ct. App.1984).

■ Here, the district judge was entitled to consider the co-defendant's out-of-court statements regarding Paz's purported involvement in a drug-trafficking conspiracy. Paz did not exercise his right to rebut those written statements. Indeed, the record is devoid of any indication that he sought to do so. Neither does the record indicate that Paz was surprised by, or denied an opportunity to examine, the written statements in question. He raised no objection whatever to the judge's consideration of the statements. Moreover, Paz has not requested that the statements be included in the record before us. An appellant bears the burden of furnishing a record adequate to evaluate his claim of error. *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). Under all these circumstances, we cannot say that Paz has made a showing of error.

■ Paz next argues that the imprisonment portion of his sentence was unduly harsh. A sentence within the statutory maximum will not be disturbed unless an abuse of discretion is shown. A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). The concept of reasonableness, as applied to sentence review, is explained in *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982):

[A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable.

Such determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. An appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the foregoing criteria.

Parole is available under an indeterminate sentence. Absent a contrary statute or other indication in the record, we will treat one-third of an indeterminate sentence as the measure of confinement. *State v. Toohill, supra.* Thus, we would normally treat Paz's term of confinement in this case to be one-third of his five-year sentence, or twenty months. However, the Idaho sentence in this case was to run concurrently with the federal sentence. As noted earlier, the federal sentence had forty-three months remaining. The district court was informed that Paz would reach a presumptive parole date on the federal sentence approximately nine months after the Idaho sentence was imposed. Consequently, the actual effect of the Idaho sentence was to extend by eleven months Paz's confinement before he would likely be considered for parole. For the purpose of appellate review, the question is whether such additional confinement was reasonable.

When weighing the facts of a given case, we conduct an independent examination of the record. We focus upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). Here, Paz waived

a pre-sentence investigation, depriving us of potentially helpful information in reviewing his sentence. The record on appeal tells us little regarding the facts surrounding the offense. We know only that Paz was somehow involved in the sale of marijuana to a government informant. Counsel has emphasized that the offense to which Paz pled guilty involved only one ounce of marijuana. If this were the limit of Paz's involvement in marijuana trafficking, we might hesitate to affirm the additional period of imprisonment. However, we note that the initial information charged multiple counts arising on different dates, and that substantial sums of money changed hands during the course of the undercover investigation. Based on this information, the judge reasonably could have concluded that Paz's involvement went beyond the sale of a single ounce of marijuana.

Concerning Paz's character, the prosecutor stipulated that Paz would have received favorable recommendations from his employer. He also stipulated that Paz had only one other criminal conviction. As noted above, this federal felony conviction involved drug trafficking; it occurred after the offense in this case. The judge was entitled to consider a criminal conviction subsequent to the offense in question when determining a proper sentence. *E.g., State v. Toohill, supra.*

The judge stated reasons for his sentencing decision. He emphasized the need to deter others from drug trafficking. Deterrence is a sufficient basis for imposing a prison sentence. *State v. Adams,* 99 Idaho 75, 577 P.2d 1123 (1978). Although the sentence was strict, we cannot say that it constituted an abuse of discretion. Accordingly, the judgment imposing the sentence is affirmed.