**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 46075/46076**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 29, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| BRIAN ERIC HOLLIS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment of conviction and concurrent, unified sentence of life with twenty-five years determinate for lewd conduct with a minor and fifteen years determinate for sexual exploitation of a child, affirmed; judgment of conviction and concurrent sentences of fifteen years determinate for each of three counts of sexual exploitation of a child, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

BRAILSFORD, Judge

In these consolidated appeals, Brian Eric Hollis pled guilty in Docket No. 46075 to one count of lewd conduct, Idaho Code § 18-1508; to one count of sexual exploitation of a child, I.C. § 18-1507(2)(b); and to being a repeat sex offender, I.C. § 19-2520G(2). In Docket No. 46076, Hollis pled guilty to three counts of sexual exploitation of a child, I.C. § 18-1507(2)(b). The district court sentenced Hollis to a unified sentence of life with twenty-five years determinate for lewd conduct with a minor and to fifteen years determinate for each of the four convictions for sexual exploitation of a child. Hollis appeals these sentences, and we affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In July 2017, members of Hollis's family went to a show while Hollis babysat his three granddaughters, ages five, four, and two. While changing the youngest granddaughter's diaper, Hollis took several photographs with his cellphone of her vaginal area, including one which appeared to show his finger penetrating the child's vagina. Hollis's cellphone was linked to the family's computer photo share server. When Hollis's wife discovered the photographs, she confronted Hollis and also contacted her pastor. The pastor in turn contacted law enforcement.

Eventually Hollis admitted to the pastor that he had taken the photographs. During the police investigation, Hollis granted the detectives permission to view his phone, and the detectives located the photographs on Hollis's phone. Although Hollis did not deny taking the photographs, he denied penetrating the child's vagina.

As a result of this incident, the State brought two criminal cases against Hollis, which jointly included one count of lewd conduct with a minor, four counts of sexual exploitation of a child, and one count of sexual penetration with a foreign object, I.C. § 18-6608(4)(a). The State also alleged in both cases that Hollis was a repeat sex offender. These allegations were based on Hollis's prior conviction in 2004 for sexually abusing his daughter, who is the mother of the child in the photographs. Hollis entered into a plea agreement and pled guilty to lewd conduct with a minor, to four counts of sexual exploitation, and to being a repeat sex offender. In exchange, the State agreed to dismiss the sexual penetration charge and the remaining repeat sexual offender enhancement. The State also agreed to recommend a unified term of life with fifteen years determinate on the lewd conduct charge and concurrent indeterminate sentences for all remaining charges.

At sentencing, Hollis addressed the district court about the sexual penetration charge:

Hollis:   I want to take responsibility for what I did, and so I won't go through all the things that were already stated. I did do those things. The things that I was possibly facing, the thing that I was possibly facing, that was dropped according to the plea agreement I did not do, and my wife has asked you don't take responsibility for something you did not do.

Court:   What are you referring to?

Hollis:   I'm referring to--there was a charge for sexual penetration, Your Honor . . . .

Court:   Okay.

. . . .

Hollis:    I understand what the charge entails. . . .  I didn't do that to that extent that I was being accused of . . . .

Hollis's denial of the sexual penetration conduct prompted the district court to review the photographs Hollis took of his granddaughter's vaginal area.  Based on this review, the court concluded the photograph in question did show penetration:

> You told me today, and you told everybody here in this room that you didn't commit the crime of sexual penetration by a foreign object, and I, out of respect to this child, didn't ever look at the photographs until you made that claim today, and I've looked at those photographs, and with all due respect, I would disagree with your claim.  I don't know how you could claim that to be the case given what I just looked at.

The district court rejected the State's sentencing recommendation and imposed an indeterminate life sentence with twenty-five years determinate on the lewd conduct charge with a repeat sex offender enhancement and concurrent determinate sentences of fifteen years for each of the sexual exploitation charges.  Thereafter, the court denied Hollis's motions under Rule 35 of the Idaho Criminal Rules.  Hollis timely appeals his sentences.

## II.

## ANALYSIS

### A.    Consideration of Evidence of Dismissed Charge

Hollis argues the district court abused its discretion by considering the photograph showing penetration when sentencing him.  When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court:  (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Hollis challenges the district court's consideration of the photograph showing penetration on two bases.  First, he argues the court failed "to follow applicable legal standards which require that sentences be based on *relevant* evidence."  We disagree.  "The Idaho Rules of Evidence, except those relating to privileges, do not apply to sentencing hearings." *State v. Hall*, 163 Idaho 744, 791, 419 P.3d 1042, 1089 (2018) (internal quotation marks omitted); *see also State v. Paz*, 112 Idaho 407, 408, 732 P.2d 376, 377 (1987) (noting rules of evidence do not apply to sentencing proceedings).  "The court may consider hearsay evidence, evidence of

3

previously dismissed charges against the defendant, or evidence of charges which have not yet been proved, so long as the defendant has the opportunity to object to, or to rebut, the evidence of his alleged misconduct." *State v. Campbell*, 123 Idaho 922, 926, 854 P.2d 265, 269 (Ct. App. 1993); *see also State v. Murillo*, 135 Idaho 811, 815, 25 P.3d 124, 128 (Ct. App. 2001) (ruling court may consider myriad of factors in imposing sentence, including defendant's past criminal history and his alleged criminal conduct which was not charged or for which charges were dismissed). Further, "[t]he judge may consider material contained in the presentence report that would have been inadmissible under the rules of evidence applicable at a trial." I.C.R. 32(e)(1). Accordingly, the court in this case did not violate any legal standards, as Hollis argues, by considering the photograph related to the dismissed charge.

Second, Hollis argues the district court abused its discretion by "using the improper finding [that the photograph showed penetration] to determine [his] sentence." In support, Hollis asserts "the photograph does *not* show that his finger is inserted in the vagina." We disagree. This Court's review of the photograph establishes Hollis did penetrate the child's vaginal opening consistent with the district court's finding. Further, the district court's finding is also consistent with information contained in Hollis's presentence investigation report (PSI). The police department's forensic investigative report in the PSI states the photograph "show[s] a finger penetrating the child's vagina." Additionally, the investigating officer's report in the PSI states "one of the images that Hollis admittedly took clearly shows him penetrating the toddler's vagina with one of his fingers." Based on the evidence before the district court, we hold it did not abuse its discretion either by concluding the photograph showed penetration or by considering the photograph when sentencing Hollis.

## B.     Excessive Sentence

Hollis also argues his sentence is excessive. Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710

4

(Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Hollis contends that his sentence is excessive based on the circumstances and mitigating factors in his case. In support, he claims his offenses were impulsive and "took place within a matter of seconds"; he attempted "to undo his act by deleting the images from his phone"; he "confessed all his actions"; he expressed "shame and has shown great remorse"; and he "has the support of his family members and church pastor."

A review of the record shows the district court was aware of the information which Hollis identifies as "mitigating." The court, however, weighed this information against the aggravating factors and concluded, as it articulated when denying Hollis's Rule 35 motions, that the sentences "are appropriate sentences given Hollis's social history, his deviant sexual criminal history, and the facts of the crimes for which [the] sentences were imposed." Further, it concluded "lesser sentences would depreciate the seriousness of Hollis's crimes." Finally, it concluded the sentences were "necessary for the protection of society, protection of Hollis's current and past victims, protection of other potential victims and the deterrence of Hollis and others."

That the court did not elevate Hollis's purported "mitigating" factors over the need to protect society does not establish an abuse of discretion. *See State v. Felder*, 150 Idaho 269, 276-77, 245 P.3d 1021, 1028-29 (Ct. App. 2010) ("[W]hile the mitigating factors identified by [the defendant] may have some relevancy to sentencing, a court is not required to assess or balance all of the sentencing goals in an equal manner."). The court properly considered the sentencing objectives of protecting society and of achieving punishment, deterrence, and rehabilitation. *See Toohill*, 103 Idaho at 568, 650 P.2d at 710 (identifying sentencing objectives). Accordingly, we cannot say the district court abused its discretion in sentencing Hollis.

### III.

### CONCLUSION

We hold that the district court did not abuse its discretion in sentencing Hollis. Accordingly, we affirm the judgment of conviction and the sentences imposed.

Judge GRATTON and Judge LORELLO **CONCUR**.