825 P.2d 506
**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Jerry Lee BARNES, Defendant–Appellant.**

**No. 19121.**

Court of Appeals of Idaho.

Jan. 29, 1992.

Alan E. Trimming, Ada County Public Defender, Boise, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Joel D. Horton, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Pursuant to a plea bargain, Jerry Lee Barnes pled guilty to aggravated battery. I.C. §§ 18–903, –907. He received a unified sentence of fifteen years in the custody of the Board of Correction with a minimum period of confinement of ten years. Barnes appeals from his judgment of conviction, raising two issues. First, he argues that the district court erred during the sentencing process by considering two previous charges against Barnes in the State of Washington which had been dismissed following successful probation. Second, he asserts that the fifteen-year sentence imposed by the district court was an abuse of discretion. We affirm.

Barnes' plea of guilty followed his indictment by an Ada County grand jury on a charge of attempted rape and the filing by the prosecutor of charges of aggravated battery, committed with a knife upon Barnes' ex-wife, and the alleged sexual abuse of a child, his ex-wife's daughter. Pursuant to a plea bargain, the charge of attempted rape was amended to aggravated battery and the prosecutor agreed to dismiss the other two charges, in exchange for Barnes' plea of guilty to the amended charge. The court accepted Barnes' plea and continued the matter for sentencing, pending preparation of a presentence investigation report.

The presentence investigation report included Barnes' prior criminal record. The report showed convictions in 1968 in North Dakota for driving while under the influence and for obstructing an officer; a conviction in 1970 in California for driving while under the influence; a conviction that same year in Oregon for indecent exposure; a 1975 conviction in Washington for petty larceny (reduced from grand larceny and possession of a controlled substance); a jury's finding of guilt for an attempted rape committed in 1977 in Washington; and a plea of guilty to misdemeanor assault (reduced from second degree rape) in Washington in 1981. On the latter two charges, Barnes had been placed on probation and the charges eventually were dismissed, pursuant to a Washington statute, after Barnes successfully completed the terms of his probation.

As his first issue on appeal, Barnes contends that the dismissal of the two Washington charges precluded the district court from considering them in arriving at its sentencing decision in the present case. We disagree.

Idaho Criminal Rule 32(b) provides in relevant part:

(b) *Contents of presentence report.* A trial judge may request a record check and other background information concerning the defendant prior to sentence without conducting a full presentence investigation of the defendant. However, whenever a full presentence report is ordered, it shall contain the following elements:

.    .    .    .    .

(2) *Previous charges against defendant.* It is permissible for the sentencing judge to consider information in a presentence report regarding a previous charge against the defendant which had been dismissed after a successful probation period.

It is well established that a sentencing court is entitled to consider a wide range of information in determining the appropriate sentence for a defendant. *Sivak v. State,* 112 Idaho 197, 731 P.2d 192 (1986). It often has been stated by our Supreme Court that "[t]he previous character, good or bad, of one convicted should be considered in fixing the punishment." *State v. Romero,* 116 Idaho 391, 396, 775 P.2d 1233, 1238 (1989), *quoting State v. Weise,* 75 Idaho 404, 411, 273 P.2d 97, 101 (1954). Accordingly, consideration of a defendant's past criminal history is appropriate when fashioning a sentence. *State v. Couch,* 103 Idaho 496, 498, 650 P.2d 638 (1982). The district court may, with due caution, consider the existence of the defendant's alleged criminal activity for which no charges have been filed, or where charges have been dismissed. *See, e.g., State v. Coffin,* 104 Idaho 543, 661 P.2d 328 (1983); *State v. Ott,* 102 Idaho 169, 627 P.2d 798 (1981); *State v. Kohoutek,* 101 Idaho 698, 619 P.2d 1151 (1980); *State v. Paz,* 112 Idaho 407, 732 P.2d 376 (Ct.App.1987); *State v. Gibson,* 106 Idaho 491, 681 P.2d 1 (Ct.App. 1984). Indeed, and with particular relevance to the issue raised in this case, in *State v. Ballard,* 93 Idaho 355, 360, 461 P.2d 250, 255 (1969), our Supreme Court held that it is not inappropriate for the trial judge to consider information regarding a previous charge which had been dismissed after a successful probation period, in arriving at a proper sentence.

With these guidelines in mind, we deem it of no consequence that the dismissal of previous charges against Barnes resulted from successfully completed probationary periods, or that the dismissed cases occurred in another jurisdiction. Under I.C.R. 32(b), the report of those dispositions properly was disclosed as part of Barnes' prior criminal history and could be considered by the district court in determining the sentence to be imposed in this case.

■■■ We turn next to the terms of Barnes' sentence. The fifteen-year sentence is within the permissible statutory maximum for aggravated battery. I.C. § 18–908. Appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe,* 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). If the sentence is not illegal, the defendant has the burden to prove that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead,* 120 Idaho 141, 814 P.2d 401 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982).

■■■ In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Thus, we view Barnes' actual term of confinement as ten years. He must establish that under any reasonable view of the facts a period of confinement of ten years for aggravated battery was an abuse of discretion. This court will not substitute its own view "for that of the sentencing judge where reasonable minds

might differ." *Toohill*, 103 Idaho at 568, 650 P.2d at 710. Also, in reviewing a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982).

The amended charge of aggravated battery to which Barnes pled guilty was predicated upon an initial allegation of attempted rape. The underlying facts show that in December, 1988, Barnes entered the house of a friend during the nighttime and made sexual advances to the friend's wife while the friend was not at home. Barnes informed the woman that he wanted to have sex with her, grabbed her arms and pushed her onto a bed, fondled her breasts and attempted to force his hand inside her underclothes. She resisted and eventually escaped, running to a neighbor's house. She testified during the sentencing hearing that she later sought counseling as a result of the attack; that she suffered from anxiety and stress and had contemplated taking her own life. Her counsellor informed the presentence investigator that the victim would need from one to two years of additional counseling in order to cope with the emotional aftermath of the attack. The victim related that she had been threatened by Barnes after the attack; that she was fearful of him and that she seriously contemplated moving from the area in order to minimize the danger to her and to her family. Barnes left the state and eluded arrest for nearly a year and a half.

In the meantime, Barnes was charged with aggravated battery in Ada County. He allegedly entered his ex-wife's house in October, 1989, threatened her with a knife, and inflicted cuts upon her body. When Barnes was arrested in April, 1990, another charge was also pending against him for the alleged sexual abuse of his stepdaughter in 1987. These two charges were dismissed as part of the plea agreement.

At the sentencing hearing, Barnes' ex-wife and her daughter testified. Both reported that they were afraid of him and were concerned about the possibility of retaliation. His ex-wife testified that "It would appear to me after having lived with him for so many years that Jerry Barnes is incapable of sexual intercourse unless there is a threat, a fear, an anger. Love definitely doesn't excite him. Fear does."

At the conclusion of the evidence presented at the sentencing hearing, the court observed, addressing Barnes:

> I think you are a definite, definite danger to society, Mr. Barnes. I don't think there's any doubt in my mind after reading and hearing the things I do know about you that you are fearsome and terrify women or people that you would physically dominate.... And so I think a prison sentence is warranted. I have no question and no desire not to impose one.

The court then imposed a fifteen-year unified sentence, with a minimum period of confinement of ten years, explaining that he would not impose a fixed sentence of fifteen years as recommended by the state, in order to give the parole board the opportunity to "gradually phase you out into society."

Upon review of the record, we conclude that the court appropriately considered the nature of the offense, the character of the offender, and the sentencing objectives in pronouncing Barnes' sentence. In light of the sentencing criteria, we hold that the sentence is reasonable.

The judgment of conviction for aggravated battery, including the sentence imposed, is affirmed.

SWANSTROM and SILAK, JJ., concur.