984 P.2d 716

STATE of Idaho, Plaintiff–Respondent,

v.

**Robert J. FINDEISEN, Defendant–Appellant.**

No. 24848.

Court of Appeals of Idaho.

June 29, 1999.

Rehearing Denied
Aug. 26, 1999.

Alan E. Trimming, Ada County Public Defender; Steven A. Botimer, Deputy Public Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Kimberly A. Coster, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Robert J. Findeisen challenges a determinate ten-year sentence imposed upon his guilty plea to burglary, which sentence was ordered to be served consecutively to sentences that Findeisen received in a related case for kidnapping, intimidating a witness, and aggravated battery.

Findeisen was caught in the process of shoplifting from a Fred Meyer store. The store's loss prevention agent, Donald Thon, observed the offense and stopped Findeisen

in the parking lot. Law enforcement officials were contacted, and Findeisen was arrested and charged with burglary, Idaho Code § 18–1401, and petit theft, Idaho Code § 18–2403(1), –2407(2). This case was assigned to Fourth District Judge Deborah Bail.

Several weeks after Thon testified against Findeisen at the preliminary hearing, Findeisen attacked Thon with pepper spray at Thon's residence and then fled. About two weeks later, Findeisen returned to Thon's residence and lay in wait for Thon to emerge in the morning. When Thon came out his front door, Findeisen forced Thon back into the house, forced him to the floor, handcuffed him, and duct-taped Thon's mouth. Findeisen brandished a shotgun and two handguns for approximately forty-five minutes while Thon lay helpless on the floor. Then Findeisen shot Thon fourteen times with a pellet gun. In this process, Findeisen apparently made a specific attempt to locate and shoot through a vein in Thon's neck. Thon managed to break free and, after a physical struggle, was able to persuade Findeisen to leave. Based on these events, Findeisen was arrested and charged in a new case with kidnapping, intimidating a witness and aggravated battery. This second case was assigned to Fourth District Judge Thomas Neville.

In a plea bargain encompassing both cases, Findeisen agreed to plead guilty to burglary in the first case and to plead guilty to all three charges in the second case. As part of the plea agreement, the parties agreed to recommend that the burglary sentence be ordered to run concurrent with the sentences imposed in the other case.

Findeisen appeared for sentencing first before Judge Neville, who imposed a unified life sentence with a minimum term of fifteen years for kidnapping and concurrent determinate fifteen-year sentences for each of the other charges. Later the same day, Findeisen was sentenced by Judge Bail in the present case for the burglary. Judge Bail imposed a determinate ten-year sentence to be served consecutively to the sentences imposed by Judge Neville. Findeisen filed this timely appeal, alleging that the district court

abused its discretion in imposing the burglary sentence.

Where a sentence is within statutory limits, it will not be reversed on appeal absent an abuse of the sentencing court's discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992); *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982). When examining a trial court's exercise of discretion, an appellate court inquires whether: (1) the lower court rightly perceived the issue as one of discretion; (2) the court acted within the outer boundaries of such discretion and consistently with the applicable legal standards; and (3) the court reached its decision by an exercise of reason. *State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). In the present case, we conclude that parts two and three of this inquiry cannot be answered affirmatively because the trial court's comments at sentencing indicate that the court may not have sentenced Findeisen for the burglary offense at issue but, rather, for the other offenses for which Findeisen had already been sentenced by Judge Neville.

It is well established that a sentencing court may properly consider a wide range of information in determining the appropriate sentence for a defendant. *State v. Barnes,* 121 Idaho 409, 411, 825 P.2d 506, 508 (Ct.App.1992); *State v. Paz,* 112 Idaho 407, 408–09, 732 P.2d 376, 377–378 (Ct.App.1987). Thus, it is entirely appropriate for the court to consider a spectrum of evidence bearing upon the defendant's character, including the defendant's history of criminal offenses other than the one for which he appears at sentencing. *State v. Couch,* 103 Idaho 496, 498, 650 P.2d 638, 640 (1982); *Barnes, supra.* However, in this case the record suggests that the district court went beyond this authority and essentially imposed sentence for offenses other than the one that was before the court. This is reflected in the following comments made by the court at the sentencing hearing:

> I find this to be one of the more appalling offenses that I have seen in over 15 years of being a judge. A shoplifting burglary is basically a fairly low-level offense, where even when somebody's a persistent

violator, the court is not inclined, as a general rule, to treat that offense as approaching the gravity of many other kinds of offenses.

It was a relatively minor offense. It would have resulted in a relatively short, or at least not major sentence, because a shoplifting burglary generally does not warrant the most severe penalties.

But I find this case to be so appalling. Two attacks on the key witness in this case is just appalling. It indicates somebody who's not only dedicated to committing crimes against the public, but whose criminal activity is accelerated.

I find that a concept of treating this as a mistake that an apology can address to be somewhat appalling. The victim has suffered something that is just incomprehensible. It's clearly a grievous wrong, and the system itself is obligated to protect witnesses and to punish to the utmost anyone who would harm a witness in a case before a court.

The defendant tried to silence the key witness in this case. I think that's the most aggravating factor a person could possibly have. I'm imposing the maximum sentence allowed to me under the statute of ten years fixed, to be consecutive, because I think the defendant warrants the maximum. I think there is—if there is ever a case that did, this defendant deserves it.

Perhaps the intensity of the trial court's focus on the other offenses would be appropriate if they were acts for which the defendant was not otherwise being punished. But in this case, the defendant had already been sentenced specifically for those offenses with a term of incarceration of fifteen years to life. The crime in the present case was a shoplifting burglary of a store in which the items stolen were a backpack, jeans, groceries and other sundries with a cumulative value that apparently was less than $300. For this burglary, the court imposed a statutory max-imum sentence and ordered that it run consecutive to the sentences received in the other case.

This Court notes that the prosecutor also focused almost exclusively upon the other offenses in his arguments to the court at the sentencing hearing and asked that Judge Bail direct that the burglary sentence be served consecutively to the other sentences.[1] Although the prosecutor may have been dissatisfied with the severity of the sentences imposed by Judge Neville, it is not a permissible remedy for that dissatisfaction to sentence Findeisen again for those same offenses.

This Court does not depreciate or minimize the shocking, sadistic and reprehensible nature of Findeisen's crimes against Mr. Thon, and we fully empathize with Judge Bail's repulsion at such behavior. However, the justice system entrusted the imposition of punishment for that conduct to Judge Neville.

Accordingly, we vacate the consecutive determinate ten-year sentence and remand this case to the district court for resentencing. On remand, while the district court may properly take into consideration Findeisen's other criminal conduct, including his crimes against Donald Thon, sentence must be rendered with the recognition that Findeisen has already been sentenced for those related offenses, and the court's focus at resentencing must be on determination of the appropriate sentence for the burglary that is before the court.

Chief Judge PERRY and Judge SCHWARTZMAN, concur.

---

1. This aspect of the prosecutor's recommendation was a breach of the plea agreement, but after it was brought to his attention, the prosecutor rescinded the recommendation. Because we remand for resentencing on other grounds, we do not address this breach by the prosecutor.