# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46610

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

NICKLAUS LAURAL WILLIAMS,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

Filed: May 6, 2020

Karel A. Lehrman, Clerk

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of conviction and unified sentence of ten years with three years determinate for grand theft by possession of stolen property; concurrent unified sentences of five years with two years determinate for unlawful possession of a firearm and six months for resisting and/or obstructing an officer, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Nicklaus Laural Williams appeals from his judgment of conviction and his sentences. Williams claims the district court erred by failing to order a psychological evaluation under Idaho Code § 19-2522 and by imposing excessive sentences. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In August 2018, officers attempted to arrest Williams in Boise on an outstanding warrant for absconding from parole. Williams resisted arrest and physically assaulted an officer. After arresting him, officers found a stolen gun, drug paraphernalia, marijuana, and methamphetamine in Williams' possession. As a result, the State charged Williams with numerous crimes, and he

1

pled guilty to grand theft by possession of stolen property, Idaho Code §§ 18-2403(4), 18-2407(1) and 18-2409; unlawful possession of a firearm, I.C. § 18-3316; and resisting and/or obstructing an officer, I.C. § 18-705.

Williams completed a guilty plea advisory form. Although he responded "no" to the question of whether he had ever been diagnosed with a mental health disorder, he wrote, "I have a history of mental illness in my family and have been committed to intermountain [sic] and believe I need mental health [sic]." Further, he responded "no" to the question of whether he had requested his attorney to do anything his attorney had not done, but he also wrote in response that "I would like a mental health evaluation. . . ."

At the plea hearing, the district court inquired about Williams' mental health. In response, Williams' counsel noted that Williams had requested a mental health evaluation on his guilty plea advisory form and stated, "I would defer to the Court as to whether--what the standard screening tool that they use in the [presentence investigation report] or whether you would prefer a more in-depth evaluation." Regarding the nature of the evaluation, the Court responded, "Well, it kind of depends. I sometimes ask for more in-depth one if I'm worried about current problems and that we need to address[] something of a very serious nature. But it depends a bit on what we learn later."

Williams then informed the court that he had requested but had not received mental health treatment in jail; he had a family history of mental health problems; and he wanted to determine whether he had a mental health issue, stating, "I find myself in a position where I think it would be beneficial to figure that out." In response, the court stated, "I will definitely ask for a mental health evaluation as part of the presentence process. I'm just not convinced at this point because I don't have enough information what more we might need so that will depend on some things that develop later." The court then ordered a presentence investigation report (PSI), which by statute includes a screening to determine whether a defendant needs a mental health examination. *See* I.C. § 19-2524(1)(a) ("As part of the presentence process, a screening to determine whether a defendant is in need of . . . a mental health examination shall be made in every felony case unless the court waives the requirement for a screening.").

According to the PSI, a mental health screening under I.C. § 19-2524 was performed, and the resulting report noted Williams' global appraisal of individual needs assessment (GAIN) did not indicate a serious mental illness (SMI). Inconsistently, however, the conclusion of the report

2

stated that Williams "presents with SMI or other [mental health] needs as noted above in [§] 19-2524 report." The report recommended treatment only if Williams were released into the community; specifically, it stated that "mental health treatment is recommended *if released to the community* to minimize risk of further deterioration of daily functioning." (Emphasis added.) In that event, the treatment recommendations were "psychiatric medication evaluation, management, and education."

At the sentencing hearing, the district court asked whether any changes to the PSI were needed and whether a legal cause precluded proceeding with sentencing, to which questions Williams' counsel responded "no." The court noted that Williams "got a short--relatively short-term sanction" for absconding from parole and that "a substantial period of time clean and away is warranted" based on Williams' conduct in this case. The court imposed a unified sentence of ten years with three years determinate for grand theft by possession of stolen property and concurrent sentences of five years with two years determinate for unlawful possession of a firearm and of six months for resisting arrest. The district court also specifically recommended that Williams receive mental health treatment while incarcerated. Williams timely appeals.

## II.

## ANALYSIS

### A.    Psychological Evaluation

Williams claims the district court erred by denying what he characterizes as a "specific" request for a psychological evaluation under I.C. § 19-2522. The determination whether to order a psychological evaluation is within the sentencing court's discretion. I.C. § 19-2522(1); Idaho Criminal Rule 32(d); *State v. Jones*, 132 Idaho 439, 442, 974 P.2d 85, 88 (Ct. App. 1999). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court:  (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

The legal standards governing the district court's decision whether to order a psychological evaluation are contained in I.C. § 19-2522. Under I.C. § 19-2522(1), if there is reason to believe the defendant's mental condition will be a significant factor at sentencing and for good cause shown, the sentencing court must appoint a psychiatrist or licensed psychologist

3

to examine and report on the defendant's mental condition. "A defendant's mental condition can be a significant factor at sentencing when that condition is an underlying factor in the commission of the crime at issue, especially when the defendant's actions are radically contrary to his or her history and character." *State v. Durham*, 146 Idaho 364, 367, 195 P.3d 723, 726 (Ct. App. 2008). Factors in determining whether the district court had sufficient information to believe the defendant's mental condition would be a significant factor at sentencing may include the circumstances surrounding the defendant's crime, indications in the record that the defendant suffered from mental conditions, and the PSI's recommendation for a psychiatric or psychological evaluation. *Id.* at 369, 195 P.3d at 728. We will uphold the district court's decision not to order a psychological evaluation if the record supports a finding that there was no reason to believe a defendant's mental condition would be a significant factor at sentencing. *State v. McFarland*, 125 Idaho 876, 879, 876 P.2d 158, 161 (Ct. App. 1994).

Williams claims that the district court had reason to believe his mental health condition would be a significant factor at sentencing. The State contends, however, that Williams did not preserve the issue for appeal by objecting to the court's decision not to order a psychological evaluation under I.C. § 19-2522(1). We agree with the State. Williams did not preserve the issue by objecting and may not now challenge the court's decision on appeal.

The Idaho Supreme Court has held in *State v. Carter*, 155 Idaho 170, 307 P.3d 187 (2013), that absent an objection to the district court's failure to order a psychological evaluation under I.C. § 19-2522, the issue is waived on appeal. *Carter*, 155 Idaho at 174, 307 P.3d at 191. In that case, the State charged Carter with aggravated battery after he injured a correctional officer while incarcerated and housed in the prison's mental health tier. *Id.* at 171, 307 P.3d at 188. The court ordered a competency evaluation under I.C. § 18-211, which evaluation concluded, "Carter was exhibiting significant psychiatric symptoms but was competent to assist in his defense." *Carter*, 155 Idaho at 171, 307 P.3d at 188. Before sentencing Carter, however, the court did not order a psychological evaluation under I.C. § 19-2522, and Carter neither requested the evaluation nor objected to the court's failure to order it. *Carter*, 155 Idaho at 172, 307 P.3d at 189. After the court sentenced Carter, he appealed. *Id.* On appeal, the Idaho Supreme Court addressed the issue of "whether the district court erred by failing to *sua sponte* order a psychological evaluation prior to sentencing, pursuant to I.C. § 19-2522." *Carter*, 155 Idaho at 172-73, 307 P.3d at 189-90.

4

Resolving this issue, the Court in *Carter* held that "the fundamental error test is the proper standard for determining whether an appellate court may hear claims based upon unobjected-to error in all phases of criminal proceedings in the trial courts of this state," including the issue of whether a court erred by failing to order a psychological evaluation under I.C. § 19-2522 before sentencing. *Carter*, 155 Idaho at 174, 307 P.3d at 191. The Court's analysis focused on the first prong of the fundamental error standard which requires the defendant to prove "the alleged error . . . violate[d] one or more of the defendant's unwaived constitutional rights." *Id.* at 173, 307 P.3d at 190 (quoting *State v. Perry*, 150 Idaho 209, 228, 245 P.3d 961, 980 (2010)). The Court concluded Carter's claim that the court failed to order a psychological evaluation asserted a statutory violation, not a constitutional violation. *Id.* at 174, 307 P.3d at 191. As a result, the claim failed to satisfy the first prong of the fundamental error standard in *Perry*[1] and, thus, was not reviewable on appeal. *Carter*, 155 Idaho at 174, 307 P.3d at 191. Further, the Court rejected Carter's assertion that the affirmative duty which I.C. § 19-2522 imposes on a court to order a psychological evaluation relieved Carter of his obligation to object to the court's failure to order an evaluation to preserve the issue for appeal. *Carter*, 155 Idaho at 174, 307 P.3d at 191.

Just as in *Carter*, Williams did not object to the district court's failure to order a psychological evaluation under I.C. § 19-2522. Williams attempts to distinguish *Carter* by arguing that, unlike Carter, Williams specifically requested a psychological evaluation. We acknowledge that Williams indicated on his guilty plea advisory form he wanted a mental health evaluation and that his counsel noted this fact during the plea hearing. This request, however, was not a specific request for a psychological evaluation under I.C. § 19-2522. Indeed, Williams' counsel expressly deferred to the court to determine the type of evaluation warranted. In response, the court made clear its intention to first obtain a mental health screening before deciding whether to order a more in-depth evaluation. Thereafter, at the sentencing hearing, Williams had an obligation to object to the court proceeding with sentencing without ordering a psychological evaluation. By failing to do so, Williams failed to preserve the alleged statutory

---

[1]     The Idaho Supreme Court has modified the second and third prongs of the fundamental error standard articulated in *Perry* in *State v. Miller*, 165 Idaho 115, 119-20, 443 P.3d 129, 133-34 (2019). The first prong of the standard, however, remains the same. *See id.* (modifying only second and third prongs).

violation for appeal. *See Carter*, 155 Idaho at 174, 307 P.3d at 191 (noting failure to order psychological evaluation is statutory, not constitutional violation).

Williams also attempts to avoid *Carter* by arguing "there is no requirement that a party object when the district court is rejecting his position on an issue in order to preserve that issue for appeal--the district court's adverse decision is sufficient." In support, Williams relies on *State v. Hoskins*, 165 Idaho 217, 443 P.3d 231 (2019). *Hoskins*, however, is inapposite. *Hoskins* did not address a defendant's failure to object to an alleged error. Instead, it addressed "whether the right-result, wrong-theory rule require[d] [the] Court to hear an unpreserved argument on appeal from the denial of a motion to suppress." *Id*. at 220, 443 P.3d at 234. Contrary to Williams' assertion, *Hoskins* does not stand for the proposition that a defendant does not need to object to the district court's decision not to order a psychological evaluation under I.C. § 19-2522 or otherwise implicitly overrule *Carter*. Because Williams did not object to the district court's decision not to order a psychological evaluation, Williams failed to preserve the issue for appeal.

### B.     Excessive Sentences

Williams argues the district court abused its discretion by imposing excessive sentences. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

If a sentence is not illegal, the appellant has the burden to show it is unreasonable and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends the sentencing

6

court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Williams acknowledges his sentences are within the statutory limits, but he argues the district court abused its discretion by not considering mitigating factors. Williams identifies his mental health issues, his struggle with substance abuse, his remorse, and his acceptance of responsibility as mitigating factors the court failed to consider. We disagree. The record reflects the court was aware of these factors and mentioned them when sentencing Williams. Moreover, "while the mitigating factors . . . may have some relevancy to sentencing, a court is not required to assess or balance all of the sentencing goals in an equal manner." *State v. Felder*, 150 Idaho 269, 276, 245 P.3d 1021, 1028 (2010).

Williams also argues the district court abused its discretion by imposing longer sentences for his crimes in this case to compensate "for a perceived inadequacy in the sanction" the parole board imposed on Williams for absconding from parole. In support, Williams relies on *State v. Findeisen*, 133 Idaho 228, 984 P.2d 716 (Ct. App. 1999). In that case, this Court noted that "it is entirely appropriate for the court to consider a spectrum of evidence bearing upon the defendant's character, including the defendant's history of criminal offenses other than the one for which he appears at sentencing." *Id.* at 229, 984 P.2d at 717. The Court, however, held that the district court in *Findeisen* "went beyond [its] authority and essentially imposed [a] sentence for offenses other than the one that was before the court." *Id.* As a result, it vacated the defendant's sentence and remanded the case. *Id.* at 230, 984 P.2d at 718.

We disagree with Williams' assertion that the district court imposed longer sentences to compensate for the parole board's sanction. Although the district court did note Williams' "relatively short-term sanction" for absconding from parole, the court thereafter expressly stated the sentences were justified based on Williams' crimes in this case:

> So I do think a more significant penalty is warranted *because of all the conduct in this case*: possession of a stolen gun, having drugs on your person, and then the way you freaked out when you were arrested. Those are all significant and they, frankly indicate that there's not much that we can do--when looking at your parole supervision as well--in the community to address this. And I do think that a substantial period of time clean and away is warranted.

7

(Emphasis added.) Based on this record, we cannot conclude the district court abused its discretion in sentencing Williams.

## III.

## CONCLUSION

The district court neither abused its discretion by not ordering a psychological evaluation under I.C. § 19-2522 nor by imposing excessive sentences. Accordingly, we affirm Williams' judgment of conviction and sentences.

Judge GRATTON and Judge LORELLO **CONCUR**.