**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51502**

| | |
|---|---|
| STATE OF IDAHO,<br><br>  Plaintiff-Respondent,<br><br>v.<br><br>YAHMONN DISHEKE CORNEY,<br><br>  Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

)  **Filed:  October 2, 2025**

)  **Melanie Gagnepain, Clerk**

)  **THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Patrick J. Miller, District Judge.

Judgment of conviction and unified sentence of seven years with a minimum period of confinement of three years for possession of a controlled substance and forty-seven days credit for time served for unlawful entry, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Stacey M. Donohue, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Yahmonn Disheke Corney appeals from his judgment of conviction and sentences for possession of a controlled substance and unlawful entry.  The district court sentenced Corney to a unified term of seven years with three years determinate for the possession charge and forty-seven days credit for time served for unlawful entry.  Corney argues the district court abused its discretion by imposing a felony sentence for misdemeanor conduct, and by imposing an excessive sentence under any reasonable view of the facts.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In February 2023, Corney broke into a residence that was under renovation, believing the house to be empty.  One of the residents was home and immediately fled and called police.  When police officers attempted to arrest Corney, he resisted and attempted to flee.  During a search

1

incident to arrest, the officers found a glass pipe as well as a baggie containing methamphetamine in Corney's pocket.

The State charged Corney with burglary, Idaho Code § 18-1401; possession of methamphetamine, I.C. § 37- 2732(c); resisting and/or obstructing an officer, I.C. § 18-705; possession of drug paraphernalia, I.C. § 37-2734A; and possession of burglarious instruments, I.C. § 18-1406. Later, the State added a persistent violator enhancement, I.C. § 19-2514. Pursuant to a plea agreement, the State amended the felony burglary charge to a misdemeanor for unlawful entry, I.C. § 18-7034(1). Corney pled guilty to possession of a controlled substance and unlawful entry and the State dismissed the remaining charges. The district court sentenced Corney to a unified term of seven years with three years determinate for possession of a controlled substance and credit for time served for unlawful entry. Corney appeals.

## II.

## STANDARD OF REVIEW

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

On appeal, Corney claims that the district court abused its discretion by imposing a felony sentence for misdemeanor conduct. Corney argues that, while his seven-year sentence would be permitted for the possession of a controlled substance conviction, the district court's comments at sentencing reflect that the sentence was instead based on the misdemeanor unlawful entry conviction and Corney's criminal history related to that conviction. Further, Corney asserts that under any view of the facts, his sentence is excessive.

## A.     Imposition of a Felony Sentence

Corney argues that the district court's justification for imposition of a seven-year term was based exclusively on the district court's concern with Corney's conduct and criminal history related to the unlawful entry conviction, rather than the possession conviction. Consequently, Corney contends the district court's seven-year sentence was, in actuality, imposed for the misdemeanor unlawful entry conviction and not the felony possession of a controlled substance conviction.

At the sentencing hearing, the prosecutor recounted the circumstances which led to Corney's arrest--breaking into an occupied home. In particular, the prosecutor pointed out that Corney started breaking the locks of the home to change them so that he could occupy the premises, as was his pattern in other instances. While Corney claimed he thought the residence was unoccupied, the prosecutor described the lasting deleterious effect on the occupant from Corney's intrusion into her home. Finally, the prosecutor outlined Corney's extensive criminal history. Defense counsel highlighted that Corney did not know the residence was occupied and then attempted to bolster Corney's character. Neither the prosecutor nor defense counsel expressly addressed the possession conviction.

In response, the district court discussed the unlawful entry into a home, which led to the charges against Corney. The district court then noted Corney's conduct was consistent with his criminal history but more importantly his character and, ultimately, his danger to society. The district court stated:

> And given the nature of the crime, the very serious crime, on top of the history of serious crimes that have affected individuals when--whether it's forgery or breaking and entering--and certainly absent you being caught, you would have continued, I think, to engage in criminal behavior. My strong suspicion is that you would continue in the future. You would return to that kind of behavior. Your history reflects and predicts that.
>
> So I do think I have to protect the public. I have to recognize the seriousness of your offense. I consider the Idaho Code 19-2521 factors. I don't think those support probation. While it's been a significant period of time since your last felony, I do find that the history of felonies is a predictor of future ones in your case. I think a lesser sentence would depreciate the seriousness of your offense.

The district court noted that Corney is a "compelling person" and came across "extremely polite and nice," on the other hand, the district court found that Corney "characterize[s] things favorably to [him]self" and his actions and history demonstrated a criminal character. While the comments made by the district court at the sentencing hearing heavily emphasized the underlying

3

circumstance which led to his arrest and Corney's history of crimes of deception, the district court appropriately narrowed its focus to Corney's character and its effects on society, as is required under I.C. § 19-2521.

In support of his argument that the seven-year sentence was for the unlawful entry conviction and not the felony possession conviction, Corney points out that the district court waived the drug and alcohol evaluation. At the start of the sentencing hearing, the participants referenced the difficulties with coordinating completion of a drug and alcohol evaluation. The district court stated that it had read the presentence investigation report (PSI), and it would suffice in lieu of a drug and alcohol evaluation and recognized that it had the discretion to waive a drug and alcohol evaluation. Neither party objected. The PSI set forth Corney's admitted past drug use including his claim he last used drugs (methamphetamine) in 2003, despite the possession charge in this case. In addition, the PSI outlined Corney's pretrial conduct regarding drug monitoring. While Corney was on pretrial release, one of the conditions imposed by the district court included "no possession or consumption of illegal drugs." The district court placed additional conditions on Corney for regular urinalysis testing as well as a GPS ankle monitor. Corney violated these conditions. Due to his behavior, Corney was no longer able to obtain urinalysis testing at the assigned center and, as a result, Corney was required to wear a drug patch. While still subject to pretrial conditions, Corney's drug patch tested positive for both amphetamines and methamphetamines. Corney claimed it was due to cleaning a hotel room that had a strong methamphetamine odor, and he denied illegal drug use. Corney also had four violations in which he let his GPS ankle monitor's battery deplete. The district court's reliance on the PSI, in lieu of additional delay to obtain a drug and alcohol evaluation, demonstrate that the district court was familiar with Corney's drug use and related behavior prior to sentencing.

Corney also argues this case is analogous to *State v. Findeisen*, 133 Idaho 228, 984 P.2d 716 (Ct. App. 1999). We disagree. In *Findeisen*, the district court expressly addressed crimes charged in a separate contemporaneous case and imposed a sentence based on the conduct underlying those crimes. This Court reversed the district court's sentence, concluding the district court "imposed [a] sentence for offenses other than the one that was before the court." *Id.* at 229, 984 P.2d at 717. Here, the district court's sentencing considerations were appropriately based upon the circumstances of this case and Corney's history, behavior, and character.

4

The district court noted that it considered the criteria set forth in I.C. § 19-2521. Before addressing Corney's criminal history or the charges to which Corney pled guilty in this case, the district court found that protecting society was its utmost concern. The district court further recognized that deterrence and rehabilitation were also vital considerations. While the district court considered Corney's *entire* criminal history, largely unlawful entry and theft related, the district court had the discretion to do so if the sentence is "specifically tailored to the individual defendant and take[s] into account the totality of all relevant facts and circumstances." I.C. § 19-2521(1)(b). Ultimately, the district court's sentencing decision was not an abuse of its discretion as it was "entirely appropriate for the court to consider a spectrum of evidence bearing upon the defendant's character, including the defendant's history of criminal offenses other than the one for which he appear[ed] at sentencing." *Findeisen*, 133 Idaho at 229, 984 P.2d at 717. Corney has not shown that the district court imposed the seven-year sentence for misdemeanor conduct.

## B.     Excessive Sentence

Corney claims that the district court abused its discretion in imposing a sentence of seven years with three years determinate for possession of a controlled substance. A sentence may represent an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1884 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

**IV.**

**CONCLUSION**

The district court did not abuse its sentencing discretion. Therefore, the judgment of conviction and sentences for possession of a controlled substance and unlawful entry are affirmed.

Judge LORELLO and Judge TRIBE **CONCUR**.