**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52004**

| | |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>AHMED MAJED ABDULHAMZA,<br><br>      Defendant-Appellant. | **Filed: May 15, 2026**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick J. Miller, District Judge.

Judgment of conviction and aggregate unified sentence of twenty years, with a minimum period of incarceration of seven years, for aggravated assault enhanced by the use of a deadly weapon, unlawful possession of a firearm, intimidating a witness, and two counts of violation of a no-contact order, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kierra W. Mai, Deputy Appellate Public Defender, Boise, for appellant. Kierra W. Mai argued.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent. Kale D. Gans argued.

---

HUSKEY, Judge

Ahmed Majed Abdulhamza appeals from his judgment of conviction for aggravated assault enhanced by the use of a deadly weapon, unlawful possession of a firearm, witness intimidation, and two counts of violation of a no-contact order. Abdulhamza argues the district court abused its discretion when it increased the severity of his sentence based solely on dismissed charges and when it imposed an excessive sentence. The State argues the district court did not sentence Abdulhamza based solely on the dismissed charges and did not impose an excessive sentence. We hold the district court did not abuse its discretion in considering the dismissed charges as it did not sentence Abdulhamza based solely on the dismissed charges. The district court also did not impose an excessive sentence. Abdulhamza's judgment of conviction and sentence are affirmed.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Abdulhamza was on parole when the facts of this case occurred. Abdulhamza and the victim, B.M., were in a romantic relationship but had ended their relationship the previous day. Abdulhamza, while outside of B.M.'s home, repeatedly texted B.M. requesting that she open the door and then threatened to "bust down [the] door." Abdulhamza eventually broke into B.M.'s home and forced his way through her locked bedroom door. B.M. was inside the bedroom along with her male friend, J.I., the other victim in this case. Abdulhamza hit J.I. on the side of his head with a firearm; made J.I. empty his pockets; took a knife from J.I.; and then instructed J.I. to leave B.M.'s home, which he did.

Abdulhamza then hit B.M. in the face, pulled her by her hair down the staircase, and told her that he was going to kill her. Abdulhamza took B.M.'s cell phone from her and forced her into his vehicle. Once inside the vehicle, Abdulhamza continued to hit and threaten B.M. by waiving the knife toward her and pointing the firearm at her. Abdulhamza drove B.M. to his mother's house where he continued hitting B.M.; when she tried to leave, Abdulhamza blocked the door and pushed B.M. into a closet. Abdulhamza got on top of B.M. and began to choke her. B.M. described feeling light-headed and her hands going numb. Abdulhamza then forced B.M. to perform oral sex on him and have vaginal sex with him. Before going to sleep, Abdulhamza threatened B.M. that if she tried to leave while he was asleep, she better "run far" or he would find her and kill her.

The next morning, while Abdulhamza was in the bathroom, B.M. called her mother and used a code word the two of them had set up to signal that she needed help. When Abdulhamza saw that B.M. had called her mother, Abdulhamza told B.M. she was not going anywhere with her mother and was not allowed to leave his house until the visible injuries on B.M.'s face and body had healed. Eventually, Abdulhamza allowed B.M. to leave with her mother, but only under the condition that he go with them. After getting coffee and breakfast, B.M. and her mother dropped Abdulhamza off at his mother's house and told Abdulhamza they were going furniture shopping.

B.M.'s mother then took B.M. to the hospital where she eventually disclosed the sexual assault and physical abuse. B.M. spoke to law enforcement and then underwent a forensic examination. In the following days, Abdulhamza repeatedly contacted B.M. and asked her to talk to his probation officer and recant her statement about the sexual assault and physical abuse. After

2

failing to report to a meeting with his probation officer, Abdulhamza was arrested; he maintained that he did not kidnap or rape B.M.

Abdulhamza was indicted by a grand jury for the following offenses: first degree kidnapping, Idaho Code §§ 18-4501, -4502 (Count I); rape, I.C. § 18-6101 (Count II); attempted strangulation, I.C. § 18-923 (Count III); aggravated assault, I.C. §§ 18-901(b), -905(a) (Count IV); unlawful possession of a firearm, I.C. § 18-3316 (Count V); aggravated assault, I.C. §§ 18-901(b), -905(a) (Count VI); two counts of intimidating, impeding, influencing, or preventing the attendance of a witness, I.C. § 18-2604 (Counts VII and VIII); use of a firearm or deadly weapon during the commission of a crime, I.C. § 19-2520 (Count IX); and burglary, I.C. § 18-1401 (Count X). The charges were then consolidated with a different case in which Abdulhamza was charged with battery on J.I., I.C. § 18-903(a) (Count XI) and two counts of violation of a no-contact order, I.C. § 18-1920 (Counts XII and XIII). The State also filed an Information Part II alleging Abdulhamza was a persistent violator pursuant to I.C. § 19-2514.

Abdulhamza pleaded guilty to Count V, Count VI as enhanced by Count IX, Count VII, Count XII, and Count XIII. Pursuant to a plea agreement, the remaining charges and the persistent violator sentencing enhancement were dismissed. The plea agreement provides that "the State may use as aggravating factors as part of its sentencing argument all facts of all charged or dismissed cases or counts and/or any crimes/cases not filed." The district court sentenced Abdulhamza to a unified term of twenty years, with a minimum period of incarceration of seven years, for Count VI as enhanced by the use of a deadly weapon; concurrent terms of five years indeterminate for Count V and Count VII, to also run concurrently with Count VI; and credit for time served for Count XI and Count XII. Abdulhamza appeals.

## II.

### STANDARD OF REVIEW

Appellate review of sentencing decisions is based on an abuse of discretion standard. *State v. Greer*, 171 Idaho 555, 558, 524 P.3d 386, 389 (2023). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Initially, we note that Abdulhamza phrases the first issue differently throughout his brief. For example, in the issues statement section, Abdulhamza lists the first issue as: "Did the district court abuse its discretion by explicitly considering dismissed charges to impose a harsher sentence?" In the argument section, the issue is rephrased as: "The District Court Abused Its Discretion By Considering Dismissed Charges As The Basis To Impose A Harsher Sentence." However, in the related subheading, the issue is stated as: "The District Court Abused Its Discretion By Considering Dismissed Charges As The Sole Basis To Impose A Harsher Sentence." Then, either as another rephrasing or as an alternate iteration of the issue, Abdulhamza argues the district court "failed to act consistently with the applicable legal standards and failed to exercise reason when it determined that there was 'strong proof' that [Abdulhamza] kidnapped and raped [B.M.]" despite those charges being dismissed. For purposes of this opinion, we will assume Abdulhamza intended to assert the district court abused its discretion in two distinct ways: (1) by increasing the sentence based *solely* on a consideration of the dismissed charges; and (2) by finding the dismissed charges were supported by "strong proof" and therefore, could be considered as an aggravating factor. Additionally, Abdulhamza argues that the district court abused its discretion by failing to acknowledge "several relevant mitigating factors" when it imposed his sentence.

The State argues the district court acted within its discretion when it considered the dismissed charges; consideration of the dismissed charges was not the sole basis of the increase in Abdulhamza's sentence, but rather one factor of many; and, regardless of the existence of "strong proof" of a dismissed charge, a court can consider uncharged criminal conduct in fashioning an appropriate sentence. The State also argues the district court acknowledged mitigating factors and acted well within its discretion in its sentencing decision.

### A.      Consideration of Dismissed Charges

The differences in the way Abdulhamza phrases the issue matters. This is because as even Abdulhamza recognizes, a sentencing court may properly conduct an inquiry broad in scope, largely unlimited, either as to the kind of information considered or the source from which it may come. *State v. Chapman*, 120 Idaho 466, 470, 816 P.2d 1023, 1027 (Ct. App. 1991); *see also* I.C. § 19-5306. This Court addressed the issue of sentencing a defendant based on elements not before the sentencing court in *State v. Granger*, 170 Idaho 136, 508 P.3d 335 (Ct. App. 2022).

4

There, Granger was charged with forcible rape, but the charge was reduced to statutory rape pursuant to a plea agreement. *Id.* at 139-40, 508 P.3d at 338-39. The district court considered the element of force when sentencing Granger following his guilty plea to statutory rape. *Id.* at 146, 508 P.3d at 345. The district court noted, " I do believe you forced the issue, but, again, as I said, you pled guilty to statutory rape." *Id.* On appeal, Granger argued that the district court sentenced him for an uncharged crime (forcible rape) instead of the crime he pleaded guilty to (statutory rape) because the court "placed undue emphasis on alleged facts of forcible rape." *Id.* at 145-46, 508 P.3d at 344-45. We held that during sentencing, a court may consider criminal conduct not at issue and the district court was not required to disregard the allegation of force merely because the amended charge did not include said element. *Id.* at 146, 508 P.3d at 345.

Abdulhamza argues *Granger* is distinguishable because "there was only one offense and one victim, despite the charge being amended. Furthermore, the [district] court did not 'overly focus on that fact.'" However, as we noted in *Granger*, "a court may consider criminal conduct not at issue." *Id.* To the extent Abdulhamza is arguing *Granger* is distinguishable because the district court in *Granger* did not "overly focus" on the original charge as a factor to consider in imposing sentence, Abdulhamza's argument fails. In this case, the dismissed charges were not the sole factor the district court considered in fashioning an appropriate sentence; however, they were a factor the district court considered sufficiently aggravating to increase Abdulhamza's sentence.

Thus, it was not improper for the district court to consider the dismissed charges and account for that consideration in the sentence imposed.

**B.     Dismissed Charges as the Sole Basis to Increase a Sentence**

A sentencing court may, with due caution, consider the existence of a defendant's alleged criminal activity for which no charges have been filed, or where charges have been dismissed. *State v. Barnes*, 121 Idaho 409, 411, 825 P.2d 506, 508 (Ct. App. 1992). However, it is not proper for a sentencing court to increase the severity of a sentence *solely* based on conduct not before the court and for which a defendant has already been sentenced. *See State v. Findeisen*, 133 Idaho 228, 230, 984 P.2d 716, 718 (Ct. App. 1999). Abdulhamza argues that *Findeisen* is analogous to this case because the district court here "explicitly increased [Abdulhamza's] sentence and 'essentially imposed sentence for offenses other than the one that was before the court.'" In *Findeisen*, we held that the district court abused its discretion in sentencing Findeisen because the district court went beyond its authority and "essentially imposed sentence for offenses other than

5

the one that was before the court" and for which Findeisen had already been sentenced. *Id.* at 229, 984 P.2d at 717. Findeisen was charged with burglary and petit theft; then, several weeks later, he was charged in a separate but related case with kidnapping, intimidating a witness, and aggravated battery. *Id.* at 228-29, 984 P.2d at 716-17. Pursuant to a plea agreement encompassing both cases, Findeisen pleaded guilty to burglary in the first case and all three charges in the second case. *Id.* Findeisen was sentenced for the kidnapping, witness intimidation, and aggravated battery charges and was sentenced for the burglary charge later the same day. *Id.* However, when sentencing Findeisen for the burglary charge, the district court specifically mentioned the facts of the kidnapping, witness intimidation, and aggravated battery charges and the injuries to the victim. *Id.* at 230, 984 P.2d at 718. We stated:

> Perhaps the intensity of the trial court's focus on the other offenses would be appropriate if they were acts for which the defendant was not otherwise being punished. But in this case, the defendant had already been sentenced specifically for those offenses with a term of incarceration of fifteen years to life.

*Id.* We went on to note that the State focused almost exclusively on the other charges in its argument to the district court and asked that the burglary sentence run consecutively to the sentences in the second case. *Id.* We explained that: "Although the prosecutor may have been dissatisfied with the severity of the sentences imposed by [the district court in the second case], it is not a permissible remedy for that dissatisfaction to sentence Findeisen again for those same offenses." *Id.*

In this case, unlike in *Findeisen*, Abdulhamza had not already been sentenced on the dismissed charges and was not being sentenced twice for the same offenses. Also unlike in *Findeisen*, the State did not focus exclusively on the dismissed charges in arguing its sentencing recommendation in this case. The State focused on the crimes in front of the district court, Abdulhamza's criminal history, and the fact that, while on parole for less than six months, he committed new crimes, possessed a firearm, used drugs and alcohol, did not respond to his parole officer, and lied to his parole officer. Additionally, Abdulhamza received more than twenty-two negative write-ups during his pretrial incarceration in the county jail on this case and received multiple violations while he was in prison serving his sentence on a previous robbery charge--the same charge for which he was on parole. Further, the offenses committed in this case were crimes of violence. The State then addressed the goals of sentencing and the *Toohill*[1] factors to explain

---

[1] *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).

the reason for its requested sentence. Although the district court wanted to discuss the dismissed conduct, the State did not engage in a discussion of the dismissed conduct but only agreed with the district court's statements. Moreover, the State did not overly focus on the dismissed charges in its closing argument.

Another distinction from *Findeisen* is that Abdulhamza explicitly agreed as part of the plea agreement that, "the State may use as aggravating factors as part of its sentencing argument all facts of all charged or dismissed cases or counts and/or any crimes/cases not filed." Thus, Abdulhamza knew and agreed the dismissed and uncharged crimes could be argued by the State as aggravating factors, which would likely increase his sentence. It is illogical to agree the district court may consider an aggravating factor for purposes of sentencing but cannot, in the exercise of its discretion, increase the sentence based on that same aggravating factor.

In deciding Abdulhamza's sentence, the district court reviewed Abdulhamza's criminal history, noting it included juvenile adjudications as well as the felony robbery conviction for which he served five years in prison and for which he was on parole when he committed the instant crimes. The district court noted that after Abdulhamza was released on parole, he "immediately acquires a gun and commits an admitted heinous act of pistol whipping a guy." The district court noted that in considering the protection of the community, Abdulhamza is "a young person with a violent history who on parole immediately engages in criminal activity, and that's undisputed." The district court also indicated it had reviewed the medical evidence, the grand jury transcript, the police reports, and B.M.'s mother's victim impact statement. The district court considered the support for Abdulhamza and noted that while the support constituted some mitigation, that support did not diminish Abdulhamza's potential dangerousness or that he was manipulative, as evidenced by the violation of the no-contact order. The district court then stated:

> So I do have to consider the collateral circumstances. If I--to be clear, if I were sentencing just on the crimes to which [Abdulhamza] admitted to, I--this sentence would not be as severe. But finding that he did commit those crimes, the admitted crimes, while on parole with a gun that he was prohibited from having a short period of time after parole by itself demonstrates a dangerous person. The fact that he has lots of support doesn't to me--it mitigates it in some way.
> . . . .
> So, again, to be clear, absent the collateral circumstances, my sentence would be different. I want to make that clear should somebody want to review my sentencing decision. But I do believe I can consider those collateral circumstances because of the strength of proof of those.

7

So then I have to get to an appropriate sentence. *I am sentencing for the crimes to which [Abdulhamza] pled guilty*, and those are the--the battery--the aggravated assault committed with a firearm, the firearm [Abdulhamza] wasn't entitled to have, and the violation of the no-contact order.

To make even more clear that the district court was not sentencing Abdulhamza on the dismissed charges, the district court stated: "The sentence would be harsher if I had actual proof of the rape. It is a strong--it's strong proof of it, but it's not actual conviction. But that type of behavior combined with [Abdulhamza's] criminal history is most concerning to the Court."

A review of the sentencing transcript indicates the district court found several aggravating factors warranted a harsher sentence including Abdulhamza's criminal history, the short time between his release to parole and the commission of the instant offenses, the dismissed conduct, and the "heinous" aspect of the battery to which he pleaded guilty.

Abdulhamza argues that because it is an abuse of discretion for a sentencing court to impose a sentence for offenses other than the offense before the court, "[i]t logically follows that it is also an abuse of discretion to consider dismissed charges as the sole basis to increase the severity of a sentence." We disagree. There is no question that "it is entirely appropriate for the court to consider a spectrum of evidence bearing upon the defendant's character, including the defendant's history of criminal offenses other than the one for which he appears at sentencing." *Findeisen*, 133 Idaho at 229, 984 P.2d at 717. The district court explained its reason for considering the dismissed charges and stated: "If there's collateral information which suggests that a person is a danger to himself or others or particularly to others, then I can consider that in sentencing for the crimes that were pleaded to."

The district court is correct. The first goal of sentencing to be considered by the court is the protection of society. I.C. § 19-2521(1)(a); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). To hold that a sentencing court cannot decide whether dismissed charges are an aggravating factor that warrant an increase in the sentence imposed would mean, practically speaking, a sentencing court cannot consider that aggravating factor or accord it any weight in fashioning an appropriate sentence. That is not a correct statement of the law. Sentencing factors "appropriately describes a circumstance, which may be either aggravating or mitigating in character, that supports a specific sentence *within the range* authorized by the jury's finding that the defendant is guilty of a particular offense." *State v. Stover*, 140 Idaho 927, 932, 104 P.3d 969, 974 (2005) (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 494 (2000)).

It was not an abuse of discretion for the district court to consider Abdulhamza's dismissed charges as an aggravating factor when deciding what sentence to impose and whether that aggravating factor, along with other considerations, warranted a greater sentence. Just because the district court accorded more weight to one aggravating factor (the dismissed charges) than others does not mean Abdulhamza was sentenced only on that factor. But even if Abdulhamza's sentence was increased because of a single aggravating factor (the dismissed charges), that does not demonstrate an abuse of the district court's sentencing discretion.

## C. Strong Proof of Dismissed Charges

Abdulhamza argues that it was illogical for the district court to conclude there was "strong proof" of the allegations of rape and kidnapping when the factual allegations had only been presented in a grand jury proceeding and therefore were not subject to cross-examination. The State responds that because *Granger* permits courts to consider alleged criminal activity for which no charges have been filed, there is no requirement that the dismissed charges need to go through cross-examination to be considered.

We recognize that the district court used the words "strong proof" in regard to the dismissed charges, but the strength of proof is irrelevant because, as previously stated, sentencing courts can consider uncharged criminal conduct and criminal conduct not at issue, either where it has been dismissed or reduced. *Barnes*, 121 Idaho at 411, 825 P.2d at 508; *see State v. Chavez*, 174 Idaho 745, 762, 560 P.3d 488, 505 (2024) (holding that during sentencing, a court may consider prior criminal conduct for which the defendant was tried and acquitted); *see also State v. Ogden*, 171 Idaho 258, 274-75, 519 P.3d 1198, 1214-15 (2022) (holding that the court did not err in sentencing when it considered portions of the defendant's presentence investigation report describing conduct for which the defendant was acquitted). As set forth in *State v. Wheeler*, 129 Idaho 735, 739, 932 P.2d 363, 367 (Ct. App. 1997):

> In sentencing a defendant, the court may consider hearsay evidence, evidence of previously dismissed charges against the defendant, or evidence of charges which have not yet been proved, so long as the defendant has the opportunity to object to, or rebut, evidence of his alleged misconduct. However, it is error for the district court to consider such information if there is no reasonable basis to deem it reliable, as where information is simply conjecture or speculation.

(Citations omitted.) Additionally, and as noted above, the plea agreement explicitly authorized the district court to "use as aggravating factors as part of its sentencing argument all facts of all

charged or dismissed cases." Thus, regardless of the quantum of proof, Abdulhamza cannot now complain that the district court did precisely what he agreed it could do.

Here, Abdulhamza had the opportunity to object to and rebut evidence of the alleged misconduct and did so at the sentencing hearing. Abdulhamza submitted multiple letters of support and had several people who appeared, but did not testify, on his behalf at the sentencing hearing. Regarding the rape and kidnapping charges, Abdulhamza noted the charges were dismissed and explained that "the State does not drop these kinds of cases if they have the proof." He also challenged the victim's credibility, noting several people reported that B.M. said Abdulhamza did not "do anything" to her. Abdulhamza then challenged B.M.'s version of events that included an ongoing threat by Abdulhamza the day after the incident while B.M. was with her mother.

Because there was a reasonable basis to deem the conduct underlying the dismissed charges reliable, it was not improper for the district court to consider it, regardless of whether the claims had been tested through an adversarial proceeding.

### D. Excessive Sentence

As stated above, Abdulhamza pleaded guilty to unlawful possession of a firearm; aggravated assault enhanced by the use of a deadly weapon; intimidating, influencing, or preventing the attendance of a witness; and two counts of violation of a no-contact order. In exchange for his guilty pleas, additional charges were dismissed including an allegation that he is a persistent violator. The district court imposed an aggregate unified sentence of twenty years, with a minimum period of incarceration of seven years. Abdulhamza argues the district court abused its discretion by imposing an excessive sentence. Specifically, Abdulhamza argues that the district court failed to consider several relevant mitigating factors when imposing the sentence. The specific mitigating factors Abdulhamza argues the district court failed to consider are: (1) the trauma he experienced in his childhood; (2) his substance abuse struggles; and (3) the support of his family and community.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *Toohill*, 103 Idaho at 568, 650 P.2d at 710. When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

## IV.

## CONCLUSION

Abdulhamza has failed to show the district court abused its discretion in considering the dismissed charges when imposing Abdulhamza's sentence. Abdulhamza has also failed to show the district court imposed an excessive sentence. Therefore, Abdulhamza's judgment of conviction and sentence are affirmed.

Chief Judge TRIBE and Judge LORELLO, **CONCUR**.